IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN FARRELL<br>    Petitioner | : CIVIL ACTION No.<br>:<br>: WRIT OF HABEAS CORPUS |
| v. | : |
| SUPERINTENDENT OLIVIA<br>    Defendants | : |

MEMORANDUM OF LAW IN
SUPPORT OF PETITION FOR STAY
AND ABEYANCE

Argument:

Claim 1.   PETITIONER FILING OF A MIXED PETITION IN CONFUSION AS TO THE STATE COURT FILING ORDINARILY CONSTITUTE GOOD CAUSE FOR A STAY AND ABEYANCE

A district court have jurisdiction and discretion to permit a Petitioner to present unexhausted claims to a state court thereby given it the first opportunity to rule on the claim and preserving the writ until the Petitioner return's for federal review with all claims exhausted. See, e.g. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

The Petitioner at this juncture, is confused about his PCRA being timely, because he did not have the funds to hiring another lawyer until the last month of the deadline.

It is his belief, he would have 7 days left to file his writ of habeas corpus from a final judgment of his PCRA.

He intends to hire the PCRA Attorney to handle the writ process, if he does not obtain a favorable ruling.

The Petitioner will need adequate time to research, draft up the brief in support, and then have it mailed.

The window being left open, for 7 days places, Mr. Farrell in a quagmire position and poses a threat, for a bar to be placed in front of the window.

The Supreme Court ruled in Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) - that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinary constitute 'good cause'" under Rhines - suggested that the standard is, in fact, "lesser than the cause standard discussed in Coleman and applied in Martinez." See Federal Writ of Habeas Corpus Manual §9C:70, pg. 1387 by Brian R. Means 2019 edition.

In this case, it have been argued that the Petitioner is confused about his PCRA filing, being timely. This is why he request the stay and abeyance, so this Court will have jurisdiction to review his claims, timely in the future.

Petitioner appellate counsel raised the issue of erroneous instruction on conspiracy but failed to brief the issue to the Superior Court. Therefore, the Petitioner will challenge his ineffective assistance during his direct appeal as of right, in his PCRA amendment.

The lawyer during the trial, post sentence and direct appeal all failed to challenge the aggravated assault on Joesph Gallasso, which was constitutionally insufficient under the law.

So, the Petitioner had to mix his petition at this stage in order to preserve the claims in a timely fashion once his state claims are decide.

This matter is not a delay tactic, nor should it be viewed as such. It is a matter of precaution.

If the state PCRA is timely, then, the Petitioner would only have seven (7) days left on his 12 month limitation in federal court. His lawyer or himself would not have sufficient time to put up an adequate defense under the 2254 procedures.

Therefore, the Petitioner hope's for this Court discretionary power that can prevent a bar by given Mr. Farrell a stay and abeyance that would preserve the exhausted issue while await the exhaustion of the unexhausted.

Wherefore, the Petitioner respectfully ask's this Honorable Court to permit his mixed petition to be stayed and abeyance.

Respectfully Submitted,

s/ [signature]

John Farrell #NF4811

Date: 1/31/2022



Inmate Mail
PA Dept of Corrections

US POSTAGE — PITNEY BOWES
$ 002.56⁰
ZIP 16475
02 4W
0000037633B FEB 10 2022



RECEIVED
FEB 14 2022

Smart communications/PA DOC
SCI Albion
John Farrell NF4871
PO Box 33028
St. Petersburg, FL 33733

Eastern District
Robert N.C. Nix BLDG.
and Courthouse
601 Market St.
Phila, PA 19107-4299